UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

M12-0274

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

JULIO LOPEZ,
    also known as
    "Luis Acosta Vasquez," and
NIELSEN ZAMORA-DELGADO,

        Defendants.

- - - - - - - - - - - - - - - -X

COMPLAINT

(T. 21, U.S.C., § 846)

EASTERN DISTRICT OF NEW YORK, SS:

    Michael Fernandez, being duly sworn, deposes and says that he is a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), duly appointed according to law and acting as such.

    Upon information and belief, on or about March 16, 2012, within the Eastern District of New York and elsewhere, the defendants JULIO LOPEZ, also known as "Luis Acosta-Vasquez," and NIELSEN ZAMORA-DELGADO, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a substance containing heroin, a Schedule I controlled substance, in violation of Title 21 U.S.C. § 841(a)(1).

    (Title 21, United States Code, Section 846).

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. In or about December 2011, HSI agents were advised by a confidential informant ("CI"), who previously has provided reliable information, that the defendant JULIO LOPEZ, also known as "Luis Acosta-Vasquez," had offered to sell him narcotics. On December 13, 2011, the CI and LOPEZ met at a pre-arranged location in Queens, New York. HSI agents observed LOPEZ arrive at the location and speak to the CI. The CI subsequently advised the agents that during the meeting, LOPEZ stated, in sum and in part, that he could procure for the CI heroin and cocaine.

2. Thereafter, the CI spoke with the defendant LOPEZ in a series of consensually monitored telephone calls. During those calls, LOPEZ and the CI further discussed the purchase of heroin. LOPEZ stated that he was in Texas, but that he planned to travel to New York by car on March 15, 2012.

3. On March 15, 2012, the defendant LOPEZ called the CI and advised that he was en route to New York, but that he would be delayed. LOPEZ and the CI agreed to meet the following morning, on March 16, 2012, at a pre-arranged location in Queens, New York, and that LOPEZ would provide the CI with a sample of the heroin he was offering for sale.

---

[1] Because the purpose of this affidavit is merely to establish probable cause, I have not set forth all of the facts and circumstances of which I am aware.

4. Later in the day on March 15, 2012, agents observed the defendant LOPEZ, driving a silver Nissan, pull up to a house located at 303 Jamaica Avenue in Brooklyn, New York. LOPEZ exited the vehicle and entered the basement apartment at that address.

5. On the morning of March 16, 2012, agents observed the defendant LOPEZ leave the basement apartment, enter the silver Nissan, and drive directly to the prearranged location in Queens. After LOPEZ arrived, agents observed him get out of his car and walk to where the CI was parked. LOPEZ entered the CI's vehicle, where he provided the CI with the sample of heroin. The CI indicated that he would contact LOPEZ later about a possible purchase.

6. The CI provided the sample he had obtained from the defendant LOPEZ to law enforcement. The sample field-tested positive for the presence of heroin.

7. Later on March 16, the CI spoke again with the defendant LOPEZ. During a consensually monitored telephone call, the CI asked whether LOPEZ would be able to sell him one kilogram of heroin. LOPEZ stated that he had already sold some heroin but was hoping to procure more so that he could sell the CI one kilogram.

8. Soon thereafter, the CI spoke again with the defendant LOPEZ by phone. LOPEZ advised that he could sell the

Case 1:12-mj-00274-RLM   Document 1   Filed 03/17/12   Page 4 of 5 PageID #: 4

4

CI approximately 650 grams of heroin. LOPEZ and the CI agreed to meet later that day at a location in Queens.

9. At approximately 12:30 p.m., agents observed an individual subsequently identified as the defendant NIELSEN ZAMORA-DELGADO leave the basement apartment at 303 Jamaica Avenue, enter a livery cab and drive off. Approximately five minutes later, the defendant LOPEZ left the same basement apartment, entered the silver Nissan and drove off.

10. After the defendants left the apartment, the CI and LOPEZ spoke by telephone and agreed to change the prearranged meeting place. Soon thereafter, the defendants LOPEZ and ZAMORA-DELGADO arrived separately at the meeting place. LOPEZ entered the CI's car and sat in the front passenger side seat. He signaled to ZAMORA-DELGADO to get into the car. ZAMORA-DELGADO entered the car and sat in the rear passenger seat. ZAMORA-DELGADO then pulled a out a package that was secreted in his pants and handed it to the CI. The CI said he would retrieve money from the trunk to pay the defendants for the package.

11. As the CI exited his car and walked towards the trunk, law enforcement moved toward the car to place the defendants under arrest. LOPEZ was apprehended immediately. ZAMORA-DELGADO fled on foot. Agents gave chase and soon thereafter apprehended ZAMORA-DELGADO a few blocks away, where he was hiding behind a bush.

5

12. The contents of the package provided by the defendant ZAMORA-DELGADO to the CI subsequently field-tested positive for the presence of heroin. The approximate gross weight of the heroin recovered is 700 grams.

WHEREFORE, your deponent respectfully requests that the defendants JULIO LOPEZ, also known as "Luis Acosta-Vasquez," and NIELSEN ZAMORA-DELGADO be dealt with according to law.

                                      *[signature]*
                                      MICHAEL FERNANDEZ
                                      Special Agent
                                      U.S. Department of Homeland Security
                                      Homeland Security Investigations

Sworn to before me this
17th day of March, 2012

_____
HONORABLE ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK